UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Donna Este-Green,<br><br>                                  Plaintiff,<br><br>             -v-<br><br>Meta Platform, Inc.,<br><br>                                Defendant. | 2:24-cv-35<br>(NJC) (AYS) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, District Judge:

Before the Court is a Proposed Emergency Order to Show Cause ("OTSC") filed by Plaintiff Donna Este-Green ("Este-Green"), an attorney proceeding *pro se*, requesting, *inter alia*, that the Court order Defendant Meta Platform, Inc. ("Meta") to reinstate her Facebook account. Pl.'s Proposed OTSC, ECF No. 3. For the reasons set forth below, the Court denies Plaintiff's Proposed OTSC without prejudice and further orders Este-Green to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

## PROCEDURAL HISTORY

On January 3, 2024, Este-Green filed a Complaint in this action against Meta[1] alleging that Defendant breached unspecified provisions of the Federal Trade Commission Act ("FTCA") by violating unspecified consumer protection laws. Compl., ECF No. 1. The Complaint alleges

---

[1] Plaintiff also purports to sue Meta's unidentified "successors and assigns" and for that reason consistently refers to "Defendants" in her OTSC submissions. *See* Compl. at 1.

that "hackers have invaded [Plaintiff's Facebook] alumni group pages and have posed as alumni" and that when Este-Green "reported these incidents to the defendants, they refused to remove the accounts and they would respond that they found no violations." *Id.* ¶¶ 8–9. The Complaint further alleges that "shortly" after Este-Green "addressed the hackers directly and told them to 'hop' off our alumni page," Plaintiff "received a threatening message from the defendants accusing [her] of violations" and directing her "to open a link and respond to their accusations or [her] account would be suspended." *Id.* ¶¶ 9–10. Este-Green alleges she opened the link, which further directed her that she "would receive a code so [she] could proceed," but Plaintiff could not get the code to work, and "[a] few minutes later, the defendants suspended [her] account." *Id.* ¶ 11. As an exhibit to the Complaint, Este-Green attached her own sworn affidavit which appears to present Este-Green's argument and facts in support of a request for immediate injunctive relief under the New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 6301, the New York State statute governing the issuance of preliminary injunctions and temporary restraining orders in New York State courts. Este-Green Aff., ECF No. 1-2.

Este-Green filed an OTSC on the same day that she filed the Complaint and attached Affidavit. The OTSC asks the Court to issue the following order: "it is ORDERED, that pending a determination of the instant motion, that my accounts on Facebook is [sic] reinstated. ORDERED that the social media/facebook is reinstated pending the determination of this motion; ORDERED that email service and/or overnight mail be deemed sufficient service." Pl.'s Proposed OTSC at 2. There is no evidence in the record showing that Meta has been served with the Complaint, Affidavit, or OTSC, making Este-Green's OTSC an *ex parte* application.

2

## DISCUSSION

Although Este-Green is proceeding *pro se*, Plaintiff is an attorney and thus "cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981); *see also Bythewood v. New York*, No. 22-2542-CV, 2023 WL 6152796, at *1 (2d Cir. Sept. 21, 2023). As the Court in *Fenner v. City of N.Y.* explained, this is because attorneys have knowledge of the law:

> Although *pro se* litigants are generally entitled to a broad reading of their submissions because of their lack of familiarity with the law, that is not the case with attorneys who have chosen to proceed *pro se.* It is well settled in the Second Circuit that since the reason for affording *pro se* litigants special deference is not present when the litigant is an attorney, no special consideration is required.

No. 08-CV-2355, 2009 WL 5066810, at *3 (E.D.N.Y. Dec. 21, 2009), *aff'd*, 293 Fed. App'x 892 (2d Cir. 2010) (citations omitted).

### I.     Proposed Emergency Order to Show Cause

The Court interprets Este-Green's Proposed OTSC as an application for an *ex parte* temporary restraining order ("TRO"). Given that Plaintiff is an attorney admitted to practice in this Court, the Court notes that in filing this application, Plaintiff has failed to comply with provisions of the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts of the Southern and Eastern Districts of New York, and this Court's Individual Rules. In Plaintiff's filings, Plaintiff cites to sections of the New York Codes, Rules, and Regulations ("N.Y.C.R.R.") and the N.Y. C.P.L.R. *See, e.g.*, Este-Green Aff. ¶ 16; Pl.'s Proposed OTSC at 2. As Este-Green has brought a federal claim in federal court, federal procedural rules, rather than state procedural rules, govern this action. Este-Green has not filed with the Court any motion for a TRO, as required under Rule 7, Fed. R. Civ. P. and the Court's Individual Rule 5.9, let alone the submissions required in connection with a motion under Local

3

Civil Rule 6.1 (requiring that motions include (1) "[a] notice of motion," (2) "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion," and (3) "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."). Additionally, Plaintiff has failed to comply with the Court's requirement that parties seeking a TRO file a letter on ECF in advance of any motion, stating clearly "(1) whether and how it has notified its adversary and whether the adversary consents to temporary injunctive relief; or (2) why the requirements of Federal Rule of Civil Procedure 65(b)(1) are satisfied and no notice is necessary." Individual Rule 5.9.

More critically, however, even if Este-Green's submission was properly brought as a TRO motion and complied with all the applicable rules, it would still fail to establish any basis for the relief sought. A party seeking a TRO must establish: "(1) irreparable harm" in the absence of an injunction pending resolution of the action, "(2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party, and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n,* 883 F.3d 32, 37 (2d Cir. 2018) (setting forth the standard for issuing a preliminary injunction); *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020) (applying the same standard to the issuance of a TRO). Plaintiff's application fails to meet any of these requirements.

First, to establish irreparable harm, "[t]he movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages. *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999). Este-Green offers a thin description of irreparable harm. *See* Este-Green Aff. ¶ 15 ("I have over 1,200 Facebook friends, and several groups—two of which I am an administrator. It

4

would be overbearing to have to reconnect and start over, particularly when I did not do anything wrong."). Este-Green does not clearly explain what irreparable harm she would experience by not being able to use her suspended Facebook account during the pendency of this action. *Cf. JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2023 WL 2503432 (S.D.N.Y. Mar. 14, 2023) (finding irreparable harm where Plaintiff, a bridal apparel company, established that its inability to access social media accounts would affect its reputation and goodwill among actual and potential customers, which could not be compensated solely by monetary damages). Este-Green's sparse description of irreparable harm is insufficient to satisfy the high standard required for this Court to issue extraordinary relief in the form of a TRO reinstating Plaintiff's Facebook account, particularly because such a TRO would effectively grant Este-Green the ultimate relief she seeks on her FTCA claim.

      Second, it is not clear to this Court that Plaintiff has plead any claim at all, let alone that Este-Green has established a likelihood of success, or even a serious question, on the merits of that claim. Plaintiff brings this action under the Federal Trade Commission Act, but it is well established that the FTCA does not afford a private cause of action. *See, e.g.*, *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the [FTCA] may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions.") (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 603 (1925)); *see also Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) ("[I]t is clear that no private right of action arises under [the FTCA]."). Lastly, Plaintiff does not even address whether the requested injunction is in the public interest.

      Further, for the Court to grant a TRO *ex parte*, the moving party must demonstrate "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and

5

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Rule 65(b)(1), Fed. R. Civ. P. Este-Green states that she emailed Defendant in advance of filing her application, *see* ECF No. 2 at 2, but does not provide either the reasons why notice should not be required or any facts showing that irreparable injury would result before Meta can be heard in opposition.

Because Plaintiff has failed to demonstrate the requirements for an *ex parte* TRO, Plaintiff's Proposed OTSC is denied without prejudice. Este-Green shall review all applicable rules under the Federal Rules of Civil Procedure, Local Rules, and this Court's Individual Rules prior to any future filing.

## II. Subject Matter Jurisdiction

The Court has further determined that Este-Green's Complaint fails to establish whether this Court possesses subject matter jurisdiction. This Court has an "independent obligation" to determine if subject matter jurisdiction exists over this case. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See id.* at 701; *see also* Fed. R. Civ. P. 12(h)(3).

Este-Green's Complaint alleges that "[t]his Court has jurisdiction under the Federal Trade Commission Act based on the deceptive acts of the defendants and their violation of Consumer Protection laws." Compl. at 1. As previously noted, there is no private cause of action under the FTCA. *See Alfred Dunhill Ltd.*, 499 F.2d at 237. Nor has Plaintiff identified any specific federal consumer protection law that Meta is alleged to have violated. As Plaintiff does not allege a legitimate claim under a federal law, Plaintiff has not sufficiently alleged that this

Court has federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Further, even if the Court liberally construed the Complaint to have alleged a state law claim—a construction Este-Green is not entitled to under *Harbulak*, 654 F.2d at 198—Este-Green's Complaint does not allege sufficient facts to support diversity jurisdiction under 28 U.S.C. § 1332(a).

The first requirement of diversity jurisdiction—that there is complete diversity of citizenship between the plaintiff and the defendants, *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)—means that a plaintiff cannot be a citizen of the same state as any of the defendants. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). The Complaint alleges that Plaintiff resides in Hempstead, NY and that Defendant Meta Platforms, Inc. has its headquarters in Menlo Park, CA. Compl. ¶¶ 1–2. However, the Complaint fails to allege the state in which Meta is incorporated and whether Menlo Park is also the company's principal place of business. Without that information, the Court cannot reasonably determine whether the parties are completely diverse as required for this Court to exercise jurisdiction under 28 U.S.C. §1332(a).

The second requirement of diversity jurisdiction—an amount in controversy that exceeds $75,000—is equally important. *See* 28 U.S.C. § 1332(a). "[A] plaintiff invoking federal

jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017). There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* But a defendant may rebut that presumption by demonstrating "to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Id.*; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Here, Este-Green does not allege any amount of money in controversy, let alone demonstrate a reasonable probability that the amount at issue is at least $75,000. As such, Plaintiff has not sufficiently alleged diversity jurisdiction under 28 U.S.C. § 1332(a).

Accordingly, by **January 22, 2024**, Este-Green shall show cause why this action should not be dismissed for lack of jurisdiction. Failure to respond to this Order to Show Cause will result in the action being dismissed without further notice.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's Proposed Emergency Order to Show Cause without prejudice and orders Plaintiff to show cause by **January 22, 2024** why this case should not be dismissed for lack of jurisdiction.

Dated: Central Islip, New York
**January 8, 2024**

                _____/s Nusrat J. Choudhury_____
                NUSRAT J. CHOUDHURY
                United States District Judge